IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DELBERT G. GRANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-05-1066-L |
| | ) |
| **DENNIS CALLAHAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 action was initiated by the Plaintiff while he was incarcerated in the Federal Correctional Institution in Forrest City, Arkansas, alleging the violation of his constitutional rights during his detention at the Federal Transfer Center in Oklahoma City. United States District Judge Tim Leonard has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that the complaint be dismissed without prejudice.

On October 27, 2005, the undersigned granted the Plaintiff leave to proceed without full prepayment of the filing fee, and ordered that he pay an initial partial filing fee in the amount of $1.89 in accordance with 28 U.S.C. §1915(b). After several delays due to Plaintiff's failure to promptly advise the Court of his change of address, Plaintiff finally remitted $2.00 on January 6, 2006, along with a letter which indicated that his address had again changed. The new address indicated that Plaintiff might no longer be incarcerated. Therefore, the undersigned entered an order on January 20, 2006, advising the Plaintiff that his release from prison might affect his continued status to proceed *in forma pauperis* and directing him to file an amended motion for leave to proceed *in forma*

*pauperis* on or before February 9, 2006. By separate order of that date, the undersigned ordered Plaintiff to proceed with service of the complaint upon the Defendants. Although these orders were mailed to Plaintiff at the address he provided to the Court on January 6, 2006, they were returned by the United States Postal Service as undeliverable on January 25, 2006. The Court has not had any communication from Plaintiff indicating that he may be reached at an alternative address, and of course, because he did not receive these orders, he has not complied therewith.

"Leave to proceed without prepayment of fees and costs is a privilege, not a right." Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996) (citations omitted). Thus, a court must determine whether the plaintiff remains entitled to retain his pauper status after release from prison. See McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997) ("After release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status."); McGann v. Commissioner, Social Security Administration, 96 F.3d 28, 30 (2nd Cir. 1996) (holding that upon release, a prisoner's "obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [in forma pauperis] status"); Page v. Kirby, 314 F.Supp.2d 619, 621 (N.D. W. Va. 2004) ("If a prisoner is released before the filing fee is paid, the Court must examine the released prisoner's *in forma pauperis* status as it would any other indigent non-prisoner plaintiff."). (citation omitted)).

Although the Tenth Circuit Court of Appeals has not squarely addressed this issue, it has held that when a litigant's financial condition has improved during the course of the litigation, the Court may require payment of fees and costs. See Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996). The Tenth Circuit has also noted that "waiver of the

initial partial filing fee . . . does not relief plaintiff of his obligation to pay the partial fee at such time as his resources permit." Young v. Knight, No. 96-3397, 1997 WL 297692, *1 (10th Cir., June 5, 1997).[1]  Plaintiff's lack of interest in pursuing his litigation combined with the Court's inherent power to manage judicial resources leads the undersigned to recommend dismissal of this action without prejudice.

### RECOMMENDATION

In light of the Court's inability to locate the Plaintiff and his failure to comply with the Court's January 20, 2006 orders, it is recommended that his complaint be dismissed without prejudice.  The Plaintiff is advised of his right to file a written objection to this Report and Recommendation with the Clerk of this Court by the 20th day of March, 2006, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1(a).  The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of February, 2006.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

---

[1] Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.